# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-05141-MMM (JEMx) | Date | August 20, 2009 |
|---|---|---|---|

| Title | *Amanda U. Ajuluchuku-Levy v. Hunter College, et al.* |
|---|---|

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Leave to Proceed *In Forma Pauperis* Status Should Not Be Revoked

On July 15, 2009, plaintiff Amanda U. Ajuluchuku-Levy sued defendants Hunter College, Baruch College, and the City University of New York. The action is one of more than two dozen suits filed by plaintiff on or about July 15, 2009. Plaintiff, who is appearing *pro se*, has filed more than two hundred cases in this and other district courts throughout the nation. On July 22, 2009, Magistrate Judge Andrew J. Wistrich granted plaintiff leave to proceed *in forma pauperis* in this case. Based on the court's review of the complaint and plaintiff's request to proceed *in forma pauperis*, it appears that allowing the filing of this action without the payment of a filing fee may have been in error. The court thus orders plaintiff to show cause why leave to proceed *in forma pauperis* should not be revoked.

An initial judgment by a magistrate judge that a plaintiff is entitled to *in forma pauperis* status does not preclude another judge from reconsidering that decision and revoking IFP status. *Theede v. Veterans Administration*, 898 F.2d 156 (Table), 1990 WL 33142, *1 (9th Cir. Mar. 23, 1990) (Unpub. Disp.) ("The district court did not abuse its discretion in revoking Theede's *in forma pauperis* status for failure to provide financial information so as to determine whether his *in forma pauperis* status was warranted). See also *Witherow v. Crawford*, No. 07-16767, 2009

WL 2387251, *2 (9th Cir. July 31, 2009) (Unpub. Disp.) ("The district court did not err in revoking Witherow's *in forma pauperis* status"); *Funtanilla v. Tristan*, 234 Fed. Appx. 505, 506 (9th Cir. June 8, 2007) (Unpub. Disp.) ("The magistrate judge initially granted Funtanilla IFP status but, in response to the second of the defendants' two motions for involuntary dismissal, the magistrate judge later recommended revoking Funtanilla's IFP status and dismissing the case without prejudice. The district court adopted these recommendations, notwithstanding the fact that Funtanilla's fee was paid prior to the district court's issuance of the final dismissal order"); *McManama v. Frye*, 56 Fed. Appx. 809, 810 (9th Cir. Feb. 19, 2003) (Unpub. Disp.) (finding that a plaintiff's due process rights were not violated when the district court revoked *in forma pauperis* status); *Ng v. Quiet Forest II Homeowners Association*, 87 F.3d 1321 (Table), 1996 WL 341141, *2 (9th Cir. June 19, 1996) (Unpub. Disp.) ("The district court did not err by revoking Ng's *in forma pauperis* status when the record establishes that Ng owns property not listed in his application for in forma pauperis status); *Hobbs v. Lockhart*, 46 F.3d 864, 867 (8th Cir. 1995) ("Had the magistrate judge decided later that the complaint was frivolous or malicious, the magistrate judge could have revoked *in forma pauperis* status and dismissed the complaint under 28 U.S.C. § 1915(d)"); *Moore v. Collins*, 47 F.3d 425 (Table), 1995 WL 71177, *1 (5th Cir. Jan. 26, 2005) (Unpub. Disp.) ("In part on this basis, the magistrate judge concluded that Moore's chances for success on his claims were 'nil' and, accordingly, recommended revoking Moore's *in forma pauperis* status and dismissing the action as frivolous under 28 U.S.C. § 1915(d)"); *Robert Curtis Bass, Inc. v. County of San Diego*, No. 08CV2135 MMA (NLS), 2009 WL 449075, *1 (S.D. Cal. Feb. 23, 2009) ("Because Plaintiff is a corporation, it is not permitted to proceed *in forma pauperis*. Accordingly, the Court hereby REVOKES Plaintiff's *in forma pauperis* status for this lawsuit, and STAYS all proceedings in this case, until such time as Plaintiff pays the filing fees in full"); *Ashanti v. Tilton*, No. CIV S007-0807 MCE GGH P, 2009 WL 173199, *3 (E.D. Cal. Jan. 23, 2009) ("[I]n forma pauperis status may be acquired and lost during the course of litigation"); *Bronson v. Houdeshell*, No. 3:05-CV-2357, 2007 WL 2033806, at *2 (M.D. Pa. July 11, 2007) ("The Magistrate Judge first noted that 28 U.S.C. § 1915(e), which provides in pertinent part that, notwithstanding the payment of a filing fee, the court shall dismiss the case at any time if the court determines that the allegation of poverty was untrue").

"This court has the inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*." *Visser v. Supreme Court of State of California*, 919 F.2d 113, 114 (9th Cir. 1990) (citing *In re McDonald*, 489 U.S. 180 (1989)). In *Visser*, plaintiff filed eleven mandamus applications over sixteen months, all of which were accompanied by a request to proceed *in forma pauperis*. The petitions were "vague rambling diatribes alleging that various state and federal officials and entities have been involved in a wide-ranging international conspiracy to deny Visser certain rights during his state criminal proceedings, and to intimidate, kidnap, and attempt to kill him." *Id.* As a result of a "pattern of litigation which [was] manifestly abusive," the court exercised its "inherent power" to deny leave to proceed *in forma pauperis* and directed the clerk not to accept further petitions unless accompanied by the appropriate fee.

This matter is directly comparable to *Visser*. Unlike Visser, who filed only eleven

mandamus applications over sixteen months, plaintiff here had filed at least 192 actions as of May 22, 2006, and filed an additional twenty-eight actions on or about July 15, 2009.[1]  The complaints are "vague rambling diatribes," each of which includes language similar or identical to the following: "I should be commended for reporting these terrorists to courts and police as opposed to being apprehended via some courts, magazines, and websites.  Since December 1989, terrorists descended upon me and every man close to me.  They launch their iniquitous acts especially in the months of February, March, June, September, November, and December (my anniversary and those of the men close to me).  February 10, March 17, June 21, November 17, and December 25 connote our birthdays.  Unequivocally, Defendants are terrorists."[2]

Court records establish that between December 2004 and September 2006, plaintiff filed

---

[1] *Ajuluchuku-Levy v. Kentucky Fried Chicken et al*, No. 2:09-cv-00815-DOC-AN; *Ajuluchuku-Levy v. Accountpros et al*, No. 2:09-cv-05111-GW-PJW; *Ajuluchuku-Levy v. Accountants, Inc. et al*, No. 2:09-cv-05115-ODW-FMO; *Ajuluchuku-Levy v. Ajilon Finance et al*, No. 2:09-cv-05116-PA-CW; *Ajuluchuku-Levy v. American Express Co et al*, No. 2:09-cv-05118-VBF-FFM; *Ajuluchuku-Levy v. Argosy University et al*, No. 09-5119-SVW-CT; *Ajuluchuku-Levy v. Bank of America et al*, No. 2:09-cv-05120-CAS-RZ; *Ajuluchuku-Levy v. Bank of North Carolina et al*, No. 2:09-cv-05122-CAS-E; *Ajuluchuku-Levy v. Cecil Hotel et al*, No. 2:09-cv-05124-RGK-AGR; *Ajuluchuku-Levy v. Comerica Bank et al*, No. 2:09-cv-05125-DSF-PJW; *Ajuluchuku-Levy v. CVS Pharmacy et al*, No. 2:09-cv-05126-SJO-PJW; *Ajuluchuku-Levy v. Great Stops*, No. 2:09-cv-05130-DSF-AGR; *Ajuluchuku-Levy v. FedEx Office et al*, No. 2:09-cv-05131-DSJ-JEM; *Ajuluchuku-Levy v. Employment Development Department et al*, No. 2:09-cv-05132-AHM-PJW; *Ajuluchuku-Levy v. Dallas Employment Services, Inc.*, No. 2:09-cv-05134-VBF-FFM; *Ajuluchuku-Levy v. U.S. Department of Homeland Security*, No. 2:09-cv-05138-RGK-RZ; *Ajuluchuku-Levy v. Hunter Collegeet al*, No. 2:09-cv-05141-MMM-JEM; *Ajuluchuku-Levy v. Los Angeles County Sheriff*, No. 2:09-cv-05148-UA-MLG; *Ajuluchuku-Levy v. McDonald's et al*, No. 2:09-cv-05151-RGK-RZ; *Ajuluchuku-Levy v. Michael Page International et al*, No. 2:09-cv-05155-SJO-E; *Ajuluchuku-Levy v. New Image Emergency Shelter*, No. 2:09-cv-05158-SVW-E; *Ajuluchuku-Levy v. Radio Shack et al*, No. 2:09-cv-05160-FMC-JEM; *Ajuluchuku-Levy v. Remx Financial Staffing*, No. 2:09-cv-05161-DSF-SS; *Ajuluchuku-Levy v. RBC Bank et al*, No. 2:09-cv-05162-R-RC; *Ajuluchuku-Levy v. Super Shuttle Transportation et al*, No. 2:09-cv-05163-CAS-RZ; *Ajuluchuku-Levy v. Tutor.Com*, No. 2:09-cv-05164-R-RC; *Ajuluchuku-Levy v. Volt Services Group et al*, No. 2:09-cv-05165-MMM-JC; *Ajuluchuku-Levy v. Insurance One Agency*, No. 2:09-cv-05166-JFW-FFM.

[2] Complaint, Misrepresentation of Grades and Grade Point Averages/Tampering with Several Grades/Refusal to Transfer Several Math Courses from Baruch College to Hunter College/Sexual Assault/Sexual Harassment/Discrimination Based upon Disability and Race Classified Under 440 and 445-JOBS-Americans with Disabilities/Massive Terrorism from East Coast to West Because of Plaintiff's Breasts/Diversity/New York County ("Complaint"), Docket No. 3 (July 22, 2009), ¶ 22.

approximately forty-two civil cases in the Central District of California.[3] In each case, plaintiff's request for leave to proceed *in forma pauperis* was denied. In 2008, plaintiff filed Case Nos. 08-567-UA-MLG and 08-7115-UA-MLG. Plaintiff's requests for leave to proceed *in forma pauperis* was denied in both actions.

As of May 22, 2006, Plaintiff had filed 192 separate actions in various district courts across the United States in less than a three-year time frame, apparently seeking to proceed *in forma pauperis* in almost every action. See *Ajuluchuku v. Yum! Brand, Inc.,* No. Civ. A. 3:05CV826-H, 2006 WL 1523218, *2 (W.D. Ky. May 23, 2006). It appears that a majority of these cases were closed within ninety days of their commencement. A sampling of the cases shows that the "overwhelming majority were dismissed as frivolous and lacking in any merit

---

[3]*Ajuluchuku v. Saint James Episcopal Church*, No. 2:04-cv-10146-UA; *Ajuluchuku v. Torrance Unified School District*, No. 2:04-cv-10147-UA; *Ajuluchuku v. W Lynn Brown*, No. 2:04-cv-10148-UA; *Ajuluchuku v. LAUSD*, No. 2:04-cv-10149-UA; *Ajuluchuku v. Computer Sciences Corporation*, No. 2:04-cv-10149-UA; *Ajuluchuku v. Thomas Wire Law Offices*, No. 2:05-cv-01766-UA; *Ajuluchuku v. Ozurovich and Schwartz, Law Offices of*, No. 2:05-cv-04101-UA; *Ajuluchuku v. Robert S. Levy*, No. 2:05-cv-04104-UA; *Ajuluchuku v. Thomas Wire Law Offices of*, No. 2:05-cv-04105-UA; *Ajuluchuku v. Law Office of Thomas Wire*, No. 2:05-cv-04186, *Ajuluchuku v. Thomas Wire Law Offices of*, No. 2:05-cv-05542-UA; *Ajuluchuku v. Thomas Wire Law Offices of*, No. 2:05-cv-05544-UA; *Ajuluchuku v. Computer Sciences Corporation*, No. 2:05-cv-05545; *Ajuluchuku v. Thomas Wire Law Offices of*, No. 2:05-cv-05546; *Ajuluchuku v. W Lynn Brown et al*, No. 2:05-cv-05547-UA; *Ajuluchuku v. Ozurovich and Schwartz, Law Offices of*, No. 2:05-cv-05549-UA; *Ajuluchuku v. Robert S. Levy*, No. 2:05-cv-05550-UA; *Ajuluchuku v. LAUSD*, No. 2:05-cv-05551-UA; *Ajuluchuku v. Torrance Unified School District*, No. 2:05-cv-05552-UA; *Ajuluchuku v. Saint James Episcopal Church*, No. 2:05-cv-05553-UA; *Ajuluchuku v. Extended Stay America*, No. 2:06-cv-05687-UA-MLG; *Ajuluchuku v. People Assisting the Homeless*, No. 2:06-05690-UA-MLG; *Ajuluchuku v. Wells Fargo and Co*, No. 2:06-cv05691-UA-MLG; *Ajuluchuku v. Scott Oswald et al*, No. 2:06-cv-05692-UA-MLG; *Ajuluchuku v. Bank of America*, No. 2:06-cv-05692-UA-MLG; *Ajuluchuku v. Washington Mutual Incorporated*, No. 2:06-cv-05694-UA-MLG; *Ajuluchuku v. Baltimore County Police*, No. 2:06-cv-05696-US-MLG; *Ajuluchuku v. Robert Ward Jr et al*, No. 2:06-cv-0597; *Ajuluchuku v. W Lynne Brown*, No. 2:06-cv-05698-UA-MLG; *Ajuluchuku v. JP Morgan Chase and Co*, No. 2:06-cv-05700-UA-MLG; *Ajuluchuku v. Robin Symons et al*, No. 2:06-cv-05818-UA-MLG; *Ajuluchuku v. Pavilions et al*, No. 2:06-cv-05897-UA-MLG; *Ajuluchuku v. Macys et al*, No. 2:06-cv-05819-UA-MLG; *Ajuluchuku v. Victorias Secret et al*, No. 2:06-cv-05900-UA-MLG; *Ajuluchuku v. Sears*, No. 2:06-cv-05903; *Ajuluchuku v. Chevy Chase Bank*, No. 2:06-cv-05921-UA-MLG; *Ajuluchuku v. Verizon Communications Inc*, No. 2:06-cv-05922-UA-MLG; *Ajuluchuku v. Boeing*, No. 2:06-cv-05923-UA-MLG; *Ajuluchuku v. Morgan State University*, No. 2:06-cv-05923-UA-MLG; *Ajuluchuku v. Amtrak*, No. 2:06-cv-05925-UA-MLG; *Ajuluchuku v. SunTrust Banks Incorporated*, No. 2:06-cv-06091-UA-MLG; *Ajuluchuku v. D Albert Brannen et al*, No. 2:06-cv-06093-UA-MLG.

whatsoever." *Id.* As the court in *Yum! Brand* noted, "undaunted by her past failures, Ajuluchuku continues time after time to file the same frivolous allegations against different (and sometimes the same) defendants in countless jurisdictions across the United States." *Id.* The court cited a ruling by Magistrate Judge Janet King of the Northern District of Georgia, who recommended that her court restrict plaintiff's filings there, finding:

> "Such an order is also appropriate in this case because of the ineffectiveness of other sanctions imposed by courts in other districts which have failed to curtail Plaintiff's filing of frivolous, repetitive law suits. The district courts in Massachusetts, Maryland and [the] Western District of Washington instituted pre-filing screening restrictions which Plaintiff has attempted to circumvent by filing the same or similar law suits in other district courts, including but not limited to, the District of Arizona, Central District of California, District of Columbia, Southern District of Florida, Northern District of Illinois, District of Ohio, District of Nevada, Eastern and Southern Districts of New York, Western District of North Carolina, District of Rhode Island, District of South Carolina, Western District of Tennessee, District of Utah, and Eastern District of Virginia, as well as the thirty-two (32) lawsuits filed in this district having nothing to do with conduct occurring in this district and all being subject to one or more filing restrictions in other districts. Additionally, based on the fact that all but a handful of the numerous law suits Plaintiff has filed to date were summarily dismissed, many for failing to state a claim upon which relief can be granted or for failing to survive the frivolity determination, the court concludes that Plaintiff is aware that the complaints she attempted to file in this district lacked merit and had little or no chance of success. The attempt that this court made to impose a pre-screening requirement for the above-styled cases simply resulted in Plaintiff filing nonresponsive applications and voluminous, but incomplete and disorganized, documentation pertaining to her prior lawsuits. Therefore, the court finds that Plaintiff is proceeding in bad faith and attempting to misuse the judicial system and that imposing the requirement that Plaintiff pay the full statutory filing fee is the only step that may cause Plaintiff to cease the abusive litigation and result in Plaintiff only seeking redress in federal court for meritorious claims over which this court has jurisdiction and which have not been elsewhere resolved." *Id.* (quoting *Ajuluchuku v. Southern New England School of Law, et al.* and related actions, Nos. 1:05-0251-1:05-MI-0281, Northern District of Georgia, Atlanta Division, Nov. 15, 2005, Written Report and Recommendation of Magistrate Judge).

This court now has before it two of approximately twenty-eight cases that plaintiff filed in this district on or about July 15, 2009. Given Magistrate Judge Wistrich apparently lacked this information at the time he granted plaintiff *in forma pauperis* status, the court finds it appropriate to reconsider that decision now. Indeed, Magistrate Judge Goldman recently denied an application by this litigant to proceed *in forma pauperis*, stating:

"A district court need not grant leave to proceed without prepayment of filing fees and may dismiss a case *sua sponte* if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). In *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), the Court found that a district court may dismiss a complaint as frivolous when the facts alleged are clearly baseless. This encompasses allegations that are fantastical and delusional. *Id.* at 325, 328; *Denton v. Hernandez*, 504 U.S. 25, 23-33 (1992). 'As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.' *Id.*

"This complaint is on its face, fanciful, delusional and fantastic. In addition, the Court notes that Plaintiff has filed, and the Court has dismissed, 43 prior lawsuits on the same basis." *Ajuluchuku-Levy v. Los Angeles County Sheriff*, No. 02:09-cv-5148, Order re Leave to File Action Without Prepayment of Filing Fee (C.D. Cal. July, 22, 2009).

For the foregoing reasons, the court orders plaintiff to show cause on or before **September 8, 2009**, why the order granting leave to proceed *in forma pauperis* should not be revoked and why the court should not dismiss the action as frivolous. Plaintiff's response to this order to show cause shall not exceed ten (10) pages. Failure to respond by **September 8, 2009**, or to respond adequately, will result in the immediate revocation of leave to proceed *in forma pauperis* and an order that plaintiff pay the standard filing fee before she may proceed with this action.